Judge ERDMANN
delivered the opinion of the court.
Airman Stephen A. Prather pleaded not guilty to charges of aggravated sexual assault and adultery in violation of Article 120(c)(2) and Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920(c)(2) and 934. He was convicted of both charges by a general court-martial composed of members and was sentenced to a reduction to E-l, forfeiture of all pay and allowances, confinement for two years and six months, and a dishonorable discharge. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Prather, No. ACM 37329, 2010 CCA LEXIS 149, 2010 WL 4068932 (A.F.Ct.Crim.App. Jan. 25, 2010).
Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of trial and applies to every element necessary to constitute the crime.
Davis v. United States, 160 U.S. 469, 487, 16 S.Ct. 353, 40 L.Ed. 499 (1895). We granted review to address the burden shifts found in Article 120(t)(16), UCMJ, when an accused raises the affirmative defense of consent to a charge of aggravated sexual assault by engaging in sexual intercourse with a person who was substantially incapacitated.[1] We *340 conclude that the statutory interplay between the relevant provisions of Article 120, UCMJ, under these circumstances, results in an unconstitutional burden shift to the accused. In addition, we conclude that the second burden shift in Article 120(t)(16), UCMJ, which purports to shift the burden to the government once an accused proves an affirmative defense by a preponderance of the evidence, constitutes a legal impossibility.

BACKGROUND

On October 30, 2007, Prather invited SH to a party that he and his wife were hosting at their house on Travis Air Force Base, California. Prior to arriving at the party, SH asked Prather if she could spend the night on his couch because she planned on becoming intoxicated. Prather agreed. During the party, Prather, SH, and others played drinking games. At some point during the party, SH made her way to the couch. There was conflicting testimony about exactly how she got to the couch and how intoxicated she was during this time period. The other guests departed in the early morning hours and Prather and his wife retired to their upstairs bedroom.
Prather testified that at 2:30 a.m. he went downstairs to get a glass of water and found SH awake. He testified that SH talked to him, kissed him, and took off her pants and underwear. According to Prather, they then engaged in consensual intercourse. SH testified that after passing out on the couch she awoke to find Prather on top of her already penetrating her. She testified that she passed out again and when she awoke to prepare for work, she found semen inside her and on her underwear.
After the presentation of evidence, the military judge engaged counsel in a lengthy discussion concerning the instructions he intended to give the members for the aggravated sexual assault charge. The military judge noted that the offense occurred within a month of the effective date of the new Article 120, UCMJ, so the charges had been filed under the new statutory structure for which there was little guidance. The military judge explained that he intended to provide instructions that tracked the language of the new Article 120, UCMJ.
In response, the defense counsel noted that the new Article 120, UCMJ, purported to remove “consent” as an element of the offense and required an accused to raise “consent” as an affirmative defense and prove it by a preponderance of the evidence. The defense counsel argued that since the Government was required to prove that the victim was substantially incapacitated, consent was still an element of the statute as a victim who is “substantially incapacitated” cannot give consent. The defense counsel argued that by requiring Prather to prove consent by a preponderance of the evidence, the burden shifted to him to negate or disprove the element of substantially incapacitated.
The defense counsel requested that the military judge follow the advice of the Military Judges’ Benchbook, which suggested treating “consent” as a traditional affirmative defense under these circumstances.[2] The military judge acknowledged the defense concerns, but nonetheless rejected the request. The military judge’s relevant instructions generally tracked the statutory scheme, including the shifting burdens consistent with Article 120(t)(16), UCMJ, with respect to the affirmative defenses.[3] Prather appealed to the Air Force Court of Criminal Appeals, challenging the constitutionality of Article 120, UCMJ. The lower court found no violation of Prather’s due process lights.

*341
DISCUSSION

Before this court, Prather again raises constitutional challenges to the statutory scheme involving the affirmative defense of consent in the context of Article 120(e)(2), UCMJ. The constitutionality of a statute is a question of law we review de novo. United States v. Disney, 62 M.J. 46, 48 (C.A.A.F.2005).
The pertinent statutory text of Article 120(c)(2), UCMJ, provides:
(e) Aggravated sexual assault. Any person subject to this chapter who—
(2) engages in a sexual act with another person of any age if that other person is substantially incapacitated or substantially incapable of—
(A) appraising the nature of the sexual act;
(B) declining participation in the sexual act; or
(C) communicating unwillingness to engage in the sexual act; is guilty of aggravated sexual assault and shall be punished as a court martial may direct.[4]
Article 120(r), UCMJ, provides in pertinent part:
Consent and mistake of fact as to consent are not an issue, or an affirmative defense, in a prosecution under any other subsection, except they are an affirmative defense for the sexual conduct in issue in a prosecution under ... subsection (c) (aggravated sexual assault)....
Article 120(t)(14), UCMJ, provides in pertinent part:
The term “consent” means words or overt acts indicating a freely given agreement to the sexual conduct at issue by a competent person.... A person cannot consent to sexual activity if—
(B) substantially incapable of—
(i) appraising the nature of the sexual conduct at issue due to—
(I) mental impairment or unconsciousness resulting from consumption of alcohol, drugs, a similar substance, or otherwise. ...
Article 120(t)(16), UCMJ, provides:
Affirmative defense. The term “affirmative defense” means any special defense that, although not denying that the accused committed the objective acts constituting the offense charged, denies, wholly, or partially, criminal responsibility for those acts. The accused has the burden of proving the affirmative defense by a preponderance of evidence. After the defense meets this burden, the prosecution shall have the burden of proving beyond a reasonable doubt that the affirmative defense did not exist.
A. An accused’s burden to prove the affirmative defense of consent by a preponderance of the evidence under Article 120(c)(2), Article 120(r), Article 120(t)(14), and Article 120(t)(16)
Prather argues that “[b]y placing the burden on the accused to prove consent when raising an affirmative defense, [Congress] shifted the burden to the accused to disprove what is an implied element or a fact that is essential to the offense of aggravated sexual assault.” In Prather’s view, “substantial incapacity,” and “consent” are “two sides of the same coin” because the statutory definition provides that “[a] person cannot consent to sexual activity if ... substantially incapable of ... appraising the nature of the sexual conduct at issue due to ... mental impairment or unconsciousness resulting from consumption of alcohol....” Article 120(t)(14)(B)(i)(I), UCMJ. Thus, according to Prather, an accused cannot prove the affirmative defense by a preponderance of the evidence without also disproving an essential element of the offense of aggravated sexual assault. Prather also argues that the military judge failed to instruct the panel that they “must” consider evidence of consent in *342 considering whether the Government proved each element of the offense beyond a reasonable doubt.
The Government responds that the constitutionality of Article 120(c)(2), UCMJ, is consistent with the rationale of United States v. Neal, 68 M.J. 289 (C.A.A.F.2010), arguing that Neal makes it clear that “consent is not an element, implied or explicit of Article 120(c), UCMJ.”[5] Neal, however, is distinguishable from this ease as it addressed “consent” in the context of Article 120(e), UCMJ (aggravated sexual contact) and did not involve a situation where the victim’s capacity to give consent was at issue.[6]
It is well established that the Due Process Clause “protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). However, it is less settled as to exactly when a statute impermissibly relieves the prosecution of this burden by shifting to the defense a burden to prove a defense that overlaps in proof with an element of the charged offense. Over the years, the Supreme Court has wrestled with this issue. Leland v. Oregon, 343 U.S. 790, 793, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (placing the burden on an accused to prove an affirmative defense is not, in and of itself, unconstitutional); see also Dixon v. United States, 548 U.S. 1, 7-8, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006); Mullaney v. Wilbur, 421 U.S. 684, 702, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (concluding that the state murder statute at issue required the defendant “to carry the burden of proving a fact [malice aforethought] so critical to criminal culpability” as to create an unconstitutional burden shift to the defendant); Patterson v. New York, 432 U.S. 197, 207, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (finding no unconstitutional shifting of the burden to the defendant, the Supreme Court concluded that the statutory affirmative defense at issue “does not serve to negative any facts of the crime which the State is to prove in order to convict of murder”); Martin v. Ohio, 480 U.S. 228, 233-34, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (although noting that a statute may not “shift to the defendant the burden of disproving any element of the [prosecution’s] case,” and concluding that the “evidence offered to support the defense may negate a purposeful killing by prior calculation and design,” the Supreme Court nonetheless held that there had been no shifting of the burden because the instructions were “adequate to convey to the jury that all of the evidence, including the evidence going to self-defense, must be considered in deciding whether there was a reasonable doubt about the sufficiency of the State’s proof of the elements of the crime”).
With these principles in mind we examine the statutory framework presented in this ease: Prather was charged under Article 120(c)(2), UCMJ, with aggravated sexual assault by engaging in sexual intercourse with a person who was substantially incapacitated. The essential elements of this offense are (1) that the accused engaged in a sexual act with another person; and (2) that person was substantially incapacitated. Article 120(r), UCMJ, provides that “consent” is not an element of this offense, but it is an affirmative defense that may be raised by the accused. Article 120(t)(16), UCMJ, provides that if an accused raises an affirmative defense, he must prove it by a preponderance of the evidence.[7] Article 120(t)(14), UCMJ, defines “consent” and provides that a person *343 who is substantially incapable of appraising the nature of the sexual conduct due to impairment or unconsciousness resulting from consumption of alcohol cannot consent.
The Government argues that “proof that the victim was substantially incapacitated at the time of the sexual act does not preclude an affirmative defense of consent.” This argument is based, at least in part, upon the Government’s assertion that consent given before a victim became substantially incapable continues to be valid throughout the period of incapacity. That assertion, however, runs counter to the definition of consent in Article 120(t)(14), UCMJ. Consent requires a freely given agreement by a competent person. The Government provides no legal support for the proposition that such advance consent is not vitiated by the victim’s subsequent incapacity — a condition that at a minimum precludes the victim’s ability to withdraw prior consent.
Under the facts of this case, Prather could not prove consent without first proving a capacity to consent on the part of the victim as Article 120(t)(14), UCMJ, provides that “[a] person cannot consent to sexual activity if ... substantially incapable_” (Emphasis supplied.) Although there may exist an abstract distinction between “substantially incapacitated” and “substantially incapable,” in the context presented here we see no meaningful constitutional distinction in analyzing the burden shift. If an accused proves that the victim consented, he has necessarily proven that the victim had the capacity to consent, which logically results in the accused having disproven an element of the offense of aggravated sexual assault— that the victim was substantially incapacitated. In an area of law with many nuances, one principle remains constant — an affirmative defense may not shift the burden of disproving any element of the offense to the defense. See Martin, 480 U.S. at 233, 107 S.Ct. 1098; Patterson, 432 U.S. at 207, 97 S.Ct. 2319. Thus, the interplay of sections Article 120(c)(2), UCMJ, Article 120(t)(14), UCMJ, and Article 120(t)(16), UCMJ, results in an unconstitutional burden shift to the accused.
This, however, does not end our inquiry as the Government goes on to argue that the instructions provided by the military judge cured any constitutional infirmity in the statutory scheme, citing Martin. The military judge provided a series of instructions to the members on the burden of proof. During the preliminary instructions prior to voir dire, the military judge advised the members that “The Government has the burden of proving the accused’s guilt by legal and competent evidence beyond a reasonable doubt.” During final instructions on the merits, the military judge advised the members as follows on their use of any evidence of consent:
If the Defense did not prove by a preponderance of the evidence that [SH] consented to the sexual act alleged, then the government bears no burden to disprove the affirmative defense of consent, and consent as an affirmative defense is not an issue for your further consideration. You may, however, still consider any evidence presented on the issue of consent if you find such evidence is relevant for your consideration of whether the prosecution has proven the elements of the offense beyond a reasonable doubt.
Shortly after this instruction, the military judge reminded the members that “the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government. The burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of each offense.” Finally, shortly before the trial counsel’s closing argument, the military judge stated, “As the government has the burden of proof, trial counsel may open and close.”
The Government argues that these instructions sufficiently informed the panel that the Government had the burden of proving the elements of the offense beyond a reasonable doubt and also that its findings should be based on all the evidence, regardless of their determination as to whether the defense proved the affirmative defense by a preponderance of the evidence. There are two re *344 lated but distinct instructional issues raised here: whether the standard “ultimate burden” instructions given by the military judge cured the unconstitutional burden shift that required Prather to disprove the element of substantial incapacity; and if so, whether the instruction on the evidence of the affirmative defense informed the panel that they must consider that evidence in their deliberations as to whether the Government proved the element of substantial incapacity beyond a reasonable doubt.
We agree with the Government that we must evaluate the instructions “in the context of the overall message conveyed to the jury.” Humanik v. Beyer, 871 F.2d 432, 441 (3d Cir.1989). As noted, the military judge instructed the panel on the burden shift scheme consistent with the text of Article 120.[8] In regard to the standard burden instructions given by the military judge, it is our view that where the statutory scheme has shifted the burden to the accused to negate or disprove an element of the offense and the panel is so instructed, standard “ultimate burden” instructions are insufficient to resolve the constitutional issue.[9] As the Third Circuit noted in Humanik:
In this kind of situation, the constitutional problem is not eliminated by including an instruction in the charge that the state has the ultimate burden of proving every element of the offense beyond a reasonable doubt. When such a standard instruction is coupled with one placing a burden on the defendant to prove his defense by a preponderance of the evidence, the predictable result is more than merely confusion. In order to attribute some significance to the defendants’ burden, a rational juror’s only option is to conclude that the defendants’ evidence concerning the subject matter of the “affirmative defense” is to be considered only if the jury finds it persuasive, i.e., finds that the facts sought to be proved are more likely true than not true. It is clear from Martin that this is constitutionally impermissible.
Id. at 440-41.
As to the instruction the military judge provided on how the panel should treat the evidence of the affirmative defense, we note that military judge instructed the panel that they “may” consider the evidence “if they found it relevant.” This permissive instruction is inconsistent with both Martin and Neal, which held that where there is an overlap between the evidence pertinent to an affirmative defense and evidence negating the prosecution’s case, there is no due process violation when instructions: “convey to the jury that all of the evidence, including the evidence going to [the affirmative defense], must be considered in deciding whether there was a reasonable doubt about the sufficiency of the State’s proof of the elements of the crime.” Neal, 68 M.J. at 299 (brackets in original) (quoting Martin, 480 U.S. at 234, 107 S.Ct. 1098) (emphasis supplied).
The unconstitutional burden shift to Prather under this statutory scheme was not cured by the military judge’s instructions.
B. The second burden shift in Article 120(t)(16), which shifts the burden to the government to disprove an affirmative defense beyond a reasonable doubt
Article 120(t)(16), UCMJ, initially assigns the burden of proof for any affirma *345 tive defense to the accused. It then provides that “[a]fter the defense meets this burden, the prosecution shall have the burden of proving beyond a reasonable doubt that the affirmative defense did not exist.” As we have found that the initial burden shift in Article 120(t)(16), UCMJ, to be unconstitutional under the circumstances presented in this ease, the issue involving the second burden shift becomes moot. Even if this were not the case, however, we agree with Prather that the second burden shift is a legal impossibility.[10] The problem with the provision is structural. If the trier of fact has found that the defense has proven an affirmative defense by a preponderance of the evidence, it is legally impossible for the prosecution to then disprove the affirmative defense beyond a reasonable doubt and there must be a finding of not guilty. There are simply no instructions that could guide members through this quagmire, save an instruction that disregards the provision.
CONCLUSION
The decision of the United States Air Force Court of Criminal Appeals is reversed as to Charge I and its specification. The finding as to that offense is set aside; the finding as to Charge II and its specification is affirmed; the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force who may order a rehearing. Alternatively, a sentence rehearing may be ordered with regard to the affirmed finding.

Appendix

United States v. Prather, No. 10-0345
Record Extract of Instructions
In the specification of Charge I, the accused is charged with the offense of aggravated sexual assault. To find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt of the following elements, and there are two elements:
First, that on or about 30 October 2007, at or near Travis Air Force Base, California, the accused engaged in a sexual act, to wit: sexual intercourse, with [SH]; and,
Two, that the accused did so when [SH] was substantially incapacitated.
I am going to define a couple of terms for you. First, “sexual act.” Sexual act means the penetration, however slight, of the vulva by the penis.
Second, “substantially incapacitated.” Substantially incapacitated means that level of mental or physical impairment due to alcohol, drugs, or otherwise, that rendered the alleged victim unable to appraise the nature of the sexual conduct at issue, unable to decline participation in the sexual conduct at issue, unable to physically communicate unwillingness to participate in the sexual conduct at issue, or otherwise unable to make or communicate competent decisions.
The evidence has raised the issue of whether [SH] consented to the sexual act concerning the offense of aggravated sexual assault, as alleged in the specification of Charge I. Consent is an affirmative defense to that charged offense. “Consent” means words or overt acts indicating a freely given agreement to the sexual conduct by a competent person. An expression of lack of consent through words or conduct means there is no consent. Lack of verbal or physical resistance or submission resulting from the accused’s use of force, threat of force, or placing another person in fear does not constitute consent.
A person cannot consent to sexual activity if that person is substantially incapacitated. *346 As previously indicated, consent is an affirmative defense to the charge of aggravated sexual assault. However, in order for consent as an affirmative defense to be an issue in your deliberations, the defense must prove by a preponderance of the evidence that [SH] consented to the sexual act alleged. Proof by a preponderance of the evidence is proof that a fact is more likely true than not true.
If you find that the defense has met this burden, then the prosecution has to prove beyond a reasonable doubt that consent did not exist. Therefore, if you find that the defense has proven consent by a preponderance of the evidence, then in order to find the accused guilty of the offense of aggravated sexual assault, as alleged in the specification of Charge I, you must be convinced beyond a reasonable doubt that, at the time of the sexual act alleged, [SH] did not consent.
If the defense did not prove by a preponderance of the evidence that [SH] consented to the sexual act alleged, then the government bears no burden to disprove the affirmative defense of consent, and consent as an affirmative defense is not an issue for your further consideration in your deliberations. You may, however, still consider any evidence presented on the issue of consent if you find such evidence is relevant to your consideration of whether the prosecution has proven the elements of the offense beyond a reasonable doubt.
In addition, the evidence has raised the issue of whether the accused mistakenly believed that [SH] consented to the sexual act concerning the offense of aggravated sexual assault, as alleged in the specification of Charge I. Mistake of fact as to consent is an affirmative defense to that charged offense. Mistake of fact as to consent means the accused held, as a result of ignorance or mistake, an incorrect belief that the other person engaging in the sexual conduct consented. The ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances. To be reasonable, the ignorance or mistake must have been based on information, or lack of it, which would indicate to a reasonable person that the other person consented.
Additionally, the ignorance or mistake cannot be based on the negligent failure to discover the true facts. Negligence is the absence of due care. Due care is what a reasonably careful person would do under the same or similar circumstances. You should consider the accused’s age and experience, along with the other evidence on this issue.
As previously indicated, mistake of fact as to consent is an affirmative defense to the charge of aggravated sexual assault. However, in order for mistake of fact as to consent as an affirmative defense to be an issue in your deliberations, the defense must prove by a preponderance of the evidence that the accused mistakenly believed that [SH] consented to the sexual act alleged. Proof by a preponderance of the evidence is proof that a fact is more likely true than not true. If you find that the defense has met this burden, then the prosecution has the burden to prove beyond a reasonable doubt that mistake of fact as to consent did not exist. Therefore, if you find that the defense has proven mistake of fact as to consent by a preponderance of the evidence, then in order to find the accused guilty of the offense of aggravated sexual assault, as alleged in the specification of Charge I, you must be convinced beyond a reasonable doubt that, at the time of the sexual act alleged, the accused’s mistake was unreasonable.
If the defense did not prove by a preponderance of the evidence that the accused was mistaken as to whether [SH] had consented to the sexual act, then the government bears no burden to disprove the affirmative defense of mistake of fact as to consent, and mistake of fact as to consent as an affirmative defense is not an issue for your further consideration.
There has been some evidence concerning the accused’s state of intoxication at the time of the alleged offense. On the question of whether the accused’s belief was reasonable, you may not consider the accused’s intoxication, if any, because a reasonable belief is one that an ordinary prudent sober adult *347 would have under the circumstances of this case. Voluntary intoxication does not permit what would be an unreasonable belief in the mind of a sober person to be considered reasonable because the person is intoxicated. You may, however, still consider any evidence presented on the issue of mistake of fact as to consent if you find such evidence is relevant to your consideration of whether the prosecution has proven the elements of the offense beyond a reasonable doubt.
Those are the instructions for the specification of Charge I.

. We granted review of the following issue:
Whether the elimination of the element of lack of consent combined with the shifting of the burden to prove consent, by a preponderance of the evidence, to the accused in order to raise an affirmative defense to aggravated sexual assault under Article 120, UCMJ, where Appellant allegedly engaged in sexual intercourse with a person who was substantially incapacitated, is a violation of Appellant's right to due process under the 5th Amendment of the U.S. Constitution.
United States v. Prather, 69 M.J. 168 (C.A.A.F.2010) (order granting review).

. Dep’t of the Army Pamphlet 27-9, Legal Services, Military Judges’ Benchbook, ch. 3, Instruction 3-45-5, NOTE 9 (2010) (instruction on aggravated sexual assault, Article 120, UCMJ), states:
Because this burden shifting appears illogical, it raises issues ascertaining Congressional intent. The Army Trial Judiciary is taking the approach that consent is treated like many existing affirmative defenses; if raised by some evidence, the military judge must advise the members that the prosecution has the burden of proving beyond a reasonable doubt that consent did not exist.

. Attached as an appendix is the military judge’s instructions to the members on these issues.

. Prather was charged as follows in the specification of Charge I: "In that AIRMAN STEPHEN A. PRATHER ... did, at or near Travis Air Force Base, California, on or about 30 October 2007, engage in a sexual act, to wit: sexual intercourse, with [SH], who was substantially incapacitated."

. Neal treated consent as an affirmative defense independent of the element of force and noted that facts pertinent to consent might also be pertinent to the element of force, and therefore it was necessary for the military judge to make clear in instructions that such facts could be considered for both purposes. 68 M.J. at 299.

. Neal identified three components of the statutory definition of consent under Article 120, UCMJ: the first component defines consent; the second identifies circumstances excluded from the definition; and the third identified circumstances in which an individual cannot give consent. 68 M.J. at 297-98. It is the third component, while not at issue in Neal, that is central to this case. While Neal is not dispositive of the issues presented in this case, the general case law discussions in Section III, Part B, of Neal are instructive to the analysis of the issues presented here. Id. at 298-300.

.Article 120(t)(16), UCMJ, goes on to provide that if an accused proves the affirmative defense, the burden shifts to the government to disprove the affirmative defense beyond a reasonable doubt. This second burden shift is addressed in Section B of this opinion.

. The statutory scheme at issue in this case places military judges in an impossible position, "[T]he military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law.” United States v. Graves, 1 M.J. 50, 53 (C.M.A.1975). Here the military judge not unreasonably followed the statutory scheme in crafting his instructions on the affirmative defense. However, in order to provide an instruction that accurately informed the panel of the Government’s burden (as recommended by the Military Judges’ Benchbook), the military judge would have to ignore the plain language of Article 120, UCMJ.

. While Judge Baker’s separate opinion criticizes the majority opinion for not indicating what instruction would have cured this constitutional deficiency, we do not believe that any instruction could have cured the error where the members already had been instructed in a manner consistent with the text of Article 120. No plausible instruction has been identified by the Government that would resolve the constitutional and textual difficulties of having to prove an affirmative defense that incorporates the core requirements of an element of the offense.

. We note that United States v. Medina, a pending case arising from the United States Navy-Marine Corps Court of Criminal Appeals, was argued the same day as this case and presented the same issue as to the validity of the second burden shift in Article 120(t)(16), UCMJ. The government in Medina, in consultation with the Department of Defense Office of General Counsel, took the position that the second burden shift was a logical impossibility and therefore a legal nullity. Motion to Clarify, United States v. Medina, 69 M.J. 279 (C.A.A.F.2010).