STUCKY, Judge
(dissenting in part and concurring in the result):
I agree with the majority in affirming the judgment of the United States Air Force Court of Criminal Appeals, but I continue to disagree with the majority’s application of the plain error doctrine. See United States v. Paige, 67 M.J. 442, 452 (C.A.A.F.2009) (Stucky, J., dissenting in part and concurring in the result). The majority’s view of the plain error doctrine is flawed in two respects: (1) the basis for its view of the prejudice prong of the doctrine is derived from military case law involving preserved, rather than unpreserved, constitutional error; and (2) once an accused establishes prejudice under the plain error doctrine, it is impossible for the government to then demonstrate that the plain error was harmless beyond a reasonable doubt.
I.
There are four elements to the Supreme Court’s plain error doctrine, the first three of which the appellant has the burden of establishing: (1) there is error; (2) the error is clear, or obvious; and (3) the error affected the appellant’s substantial rights (prejudice). Puckett v. United States, — U.S. -, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). “If these three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Johnson v. United States, 520 U.S. 461, 462, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); accord Puckett, 129 S.Ct. at 1429; United States v. Powell, 49 M.J. 460, 463-64 (C.A.A.F.1998). As noted in my dissent in Paige, “[a]n appellant satisfies the prejudice prong of the plain error test by demonstrating ‘a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.’” 67 M.J. at 453-54 (Stucky, J., dissenting in part and concurring in the result) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)); see also United States v. Fisher, 21 M.J. 327, 328 (C.M.A.1986) (requiring appellant to show a “prejudicial impact on the jury’s deliberations”). Appellant failed to establish that but for any of the alleged errors, the results of the proceedings would have been different.
*374 II.
The majority opinion contends that once an appellant establishes prejudice under the plain error doctrine, the government may still prevail by establishing that the constitutional error was harmless beyond a reasonable doubt. In a plain error case, as opposed to one in which the appellant preserved the error at trial, the burden of persuasion is on the appellant and never shifts to the government. Dominguez Benitez, 542 U.S. at 82, 124 S.Ct. 2333. “[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it, and for several reasons, we think that burden should not be too easy for defendants_” Id. The majority’s view — that, after the appellant establishes plain error, the government is entitled to try to establish that the comments were harmless beyond a reasonable doubt — is built on a faulty foundation, namely eases in which the error was preserved or there was no discussion of plain error.[1]
III.
Once an appellant establishes that an obvious error resulted in “ ‘material’ (significant) prejudice — a reasonable probability that, but for the error the result would have been different — it is impossible for the government to show the error was harmless beyond a reasonable doubt.” Paige, 67 M.J. at 454 (Stucky, J., dissenting in part and concurring in the result). To permit the government to show that the prejudicial error was harmless beyond a reasonable doubt under such circumstances is similar to permitting the government to prove beyond a reasonable doubt that an affirmative defense did not exist after the accused established the affirmative defense by a preponderance of the evidence, a practice which we refused to countenance. See United States v. Prather, 69 M.J. 338, 344-45 (C.A.A.F.2011).

. The majority opinion cites to United States v. Carter, 61 M.J. 30, 35 (C.A.A.F.2005), for this proposition. United States v. Flores, 69 M.J. at 369-70 (C.A.A.F.2011). But Carter was derived from a dictum in Powell, 49 M.J. at 464-65, that was itself based on United States v. Adams, 44 M.J. 251, 252 (C.A.A.F.1996), a case in which neither the issue granted for review nor this Court’s opinion discussed plain error. See also United States v. Moran, 65 M.J. 178, 185 (C.A.A.F.2007) (citing United States v. Alameda, 57 M.J. 190, 198 (C.A.A.F.2002) (a case in which the defense clearly preserved the error by objecting at trial to the trial counsel's closing argument)).