BAKER, Judge,
with whom STUCKY, Judge, joins (concurring in the result).
Although I concur in the result reached in this case, I adhere to the position taken in my separate opinion in United States v. Prather, 69 M.J. 338, 347 (C.A.A.F.2011) (Baker, J., joined by Stucky, J., dissenting in part and concurring in the result). However, the Court’s opinion in this case warrants brief comment because it places practitioners in a difficult position.
In Prather the majority concluded that no instruction “could have cured the error where the members already had been instructed in a manner consistent with the text of Article 120.” Id. at 344 n. 9. However, the Court did not conclude that the statute was unconstitutional on its face. Now, in this case, the Court concludes that “it was error for the military judge to provide an instruction inconsistent with the statute.” United States v. Medina, 69 M.J. at 465 (C.A.A.F.2011). It is not clear what is left on the table and how military judges are supposed to now proceed in light of the Court’s positions in Prather and Medina. The only course left open, it appeal’s, is for military judges to continue giving “erroneous” instructions that nonetheless remove the prejudice embedded in Article 120, UCMJ, beyond a reasonable doubt. Such a course either shows a curious attitude toward the law, or suggests that the instructions are not in fact erroneous.
What is needed at this stage, while the political branches consider when, whether, and how to correct Article 120, UCMJ, is clear guidance from this Court that can be applied in a uniform fashion throughout the armed forces.