# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, BURTON, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 SHAWNDALE R. TEAGUE**
**United States Army, Appellant**

ARMY 20140394

Headquarters, 1st Cavalry Division
Patricia Lewis, Military Judge (arraignment)
Rebecca K. Connally, Military Judge (trial)
Lieutenant Colonel R. Tideman Penland, Staff Judge Advocate (pretrial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Michael A. Gold, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

15 March 2016

---------------------------------
OPINION OF THE COURT
---------------------------------

WOLFE, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eighteen months, and forfeiture of all pay and allowances.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ.  On appeal, appellant's lone assigned error warrants neither discussion nor relief.  Appellant raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion but not relief.

## BACKGROUND

On 4 December 2012, appellant and a friend, who was a fellow Soldier, visited a Burger King restaurant in Killeen, Texas. While at the Burger King, appellant and his friend ran into AC and two other teenage girls who attended the local high school. They exchanged phone numbers. Later that night, after a series of exchanged text messages, appellant and his friend picked up the three girls, drove them onto Fort Hood, and went to appellant's barracks room. Initially, the five started watching a movie. Later, appellant, his friend, and the three high school students began to drink vodka and dance. As the evening progressed, AC became heavily intoxicated and went to sleep on a bed in appellant's room.

At some point later, appellant's friend and one of the girls left the room. This left appellant, AC, and the third girl, MR, remaining in the room. Then, MR went outside to smoke. When she returned, she found the door to appellant's room closed and heard "sex moaning" coming from inside the room. After she knocked on the door, appellant opened it and walked out of his room. MR walked into the room and found AC on appellant's bed. AC was naked from the waist down, covered in her own vomit, and mumbling incomprehensibly. When asked how drunk AC was, MR testified that on a "scale of 1-to-10" AC was "Gone. Like 10. She was gone." The defense presented evidence that AC was capable of consenting and argued that the government's proof was insufficient. A forensic exam would later reveal bruising on AC's thighs and two separate tears of her genitalia.

## DISCUSSION

*Mistake of Fact as to Consent*

To prove the charged offense, the government was required to show appellant committed a sexual act upon AC when AC was "incapable of consenting to the sexual act due to an impairment by . . . [an] intoxicant . . . and that condition [was] known or reasonably should [have been] known" by appellant. UCMJ art. 120(b)(3). In other words, to sustain a conviction, the government had to prove beyond a reasonable doubt that either appellant had *actual* knowledge that AC could not consent or appellant *reasonably should have known* that AC could not consent.

On appeal, appellant asserts that the findings are factually and legally insufficient as the "government failed to prove . . . appellant did not have an actual

2

and reasonable mistake of fact as to consent." We find the defense of mistake of fact as to consent is inapplicable to this offense.[*]

For a mistake of fact as to consent to be raised, there must be "some evidence" that appellant honestly and reasonably believed AC consented to the sexual act. *See* Rule for Courts-Martial [hereinafter R.C.M.] 916(j).

The issue this case presents is whether when the government has proven beyond a reasonable doubt that an accused knew or reasonably should have known that a victim was incapable of consenting, has the government also proven, as a matter of logic, the accused could not have honestly *and* reasonably believed the victim consented? We answer this question in the affirmative. If the government proves that an accused had actual knowledge that a victim was incapable of consenting, then, by definition, such an accused could not simultaneously honestly have believed that the victim consented. Similarly, if the government proves that an accused should have reasonably known that a victim was incapable of consenting, the government has also proven any belief of the accused that the victim consented was unreasonable.

In other words, we cannot imagine a logically coherent set of circumstances where the government has proven the elements of the offense and not simultaneously disproven any mistake of fact regarding consent. By law, an accused cannot simultaneously believe that a victim was incapable of consenting and also believe that she had, in fact, legally consented. Nor can an accused simultaneously hold a reasonable belief that a victim cannot consent while also reasonably believing she did consent. For example, in *United States v. Prather*, 69 M.J. 338, 343 (C.A.A.F. 2011), our superior court, in a different context, found that proof of consent implicitly requires proof of capacity to consent. It therefore follows that proof of incapacity to consent must preclude actual consent.

Put differently, mistake of fact as to consent can never be "in issue" under R.C.M. 920(e)(3) with respect to this specific offense. There is no circumstance where appellant could have committed the charged offense, but nonetheless put in issue the affirmative defense of mistake of fact as to consent. *See* R.C.M. 916(a) (A defense "includes any special defense which, although not denying that the accused

---

[*] The Specification of Charge I is as follows: "In that Private (E-1) Shawndale R. Teague, U.S. Army, did, at or near Fort Hood, Texas on or about 4 December 2012, commit a sexual act upon [AC], to wit: penetrated her vulva with his penis when [AC] was incapable of consenting to the sexual act due to impairment by an intoxicant and that condition was known or reasonably should have been known by Private Shawndale R. Teague."

committed the objective acts constituting the offense charged, denies, wholly or partially, criminal responsibility for those acts.").

This is not to say appellant was without options at trial. Evidence that AC consented, or that appellant believed that AC had consented, served to attack the elements of the offense. Such evidence was admissible to show AC's capacity to consent or that appellant reasonably believed AC had the capacity to consent. *See, e.g., United States v. Neal*, 68 M.J. 289, 301 (C.A.A.F. 2010) (In evaluating consent under Article 120, UCMJ, 10 U.S.C. § 920(e) (2006), evidence of consent is relevant in disproving force).

Yet another way to consider this issue is that Article 120(b)(2) and (3) already require the government to disprove, as a matter of course, a mistake of fact defense. That is, a mistake of fact defense is "baked in" to the elements of the offenses themselves. If, by way of example, the offense requires only that an accused commit a sexual act with someone who was incapable of consenting, it would be an affirmative defense that the accused honestly and reasonably believed the person was capable of consenting. By requiring the government prove that appellant knew, or reasonably should have known that AC was incapable of consenting, the government was required to disprove any defense of mistake of fact appellant may have had with regards to AC's ability to consent.

Accordingly, we find the approved findings to be factually and legally sufficient as the government proved that appellant committed a sexual act upon AC while AC was incapable of consenting and "that condition was known or reasonably should have been known by [appellant]."

## CONCLUSION

The findings of guilty and the approved sentence are AFFIRMED.

Senior Judge HAIGHT and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4