# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201500163

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### MICHAEL K. ELLIS
Chief Information Systems Technician (E-7), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert D. Blazewick, JAGC, USN.
For Appellant: Gary Myers, Esq.; Lieutenant Christopher C. McMahon, JAGC, USN.
For Appellee: Lieutenant Commander Jeremy R. Brooks, JAGC, USN; Major Suzanne M. Dempsey, USMC.

———————————————

Decided 30 August 2016

———————————————

Before BRUBAKER,[1] MARKS, and FULTON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

MARKS, Senior Judge:

A panel of members with enlisted representation, sitting as a general court-martial, convicted Chief Information Systems Technician (Chief) Michael K. Ellis, contrary to his pleas, of two specifications of sexual assault, three specifications of abusive sexual contact, and two specifications of assault consummated by battery in violation of Articles 120 and 128, Uniform

---

[1] Chief Judge BRUBAKER participated in the decision of this case prior to commencing terminal leave.

Code of Military Justice (UCMJ), 10 U.S.C. §§ 920 and 928. The members sentenced Chief Ellis to two years' confinement, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

Chief Ellis assigns the following as error:

> (1) The military judge erred in denying Chief Ellis his right to confront his accusers about victim-victim advocate discussions pursuant to the Sixth Amendment, U.S. Constitution, Military Rules of Evidence 608(c) and 514(d)(6).
> (2) The evidence is legally and factually insufficient.
> (3) Chief Ellis was subjected to unlawful pretrial punishment under Article 13, UCMJ, when the Government denied him privileges it provided to other court-martial participants.
> (4) Allowing the Government to use charged sexual misconduct as propensity evidence for other charged sexual misconduct in the same trial violated Chief Ellis's rights to a presumption of innocence and due process.

In light of the United States Court of Appeals for the Armed Forces' (CAAF) recent decision in *United States v. Hills*, __ M.J. __, No. 15-0767, 2016 CAAF LEXIS 512 (C.A.A.F. Jun. 27, 2016), we find prejudicial error with regard to the use of charged misconduct as propensity evidence. We have considered the second assignment of error, regarding legal and factual sufficiency, but decline to grant relief. The remaining two assignments of error are moot.

## I. BACKGROUND

This case presents two incidents separated by nine months in time but otherwise inextricably linked. Chief Ellis and the two women he was convicted of assaulting worked together in the same department of the same command and socialized in the same circle. Social gatherings at the same sports bar preceded both incidents, which occurred after Chief Ellis returned to the victims' homes. The first victim, Chief TA, accused Chief Ellis of sexually assaulting her in her bathroom, kitchen, and bedroom while friends were gathered at her home after the Army-Navy football game on 8 December 2012. The second victim, Ms. LW, alleged that Chief Ellis raped her in her bedroom on 21 September 2013. Days after her incident, Ms. LW sought information and advice from the command sexual assault victim advocate, Chief TA. Five weeks later, Ms. LW reported her sexual assault, accompanied by Chief TA. Chief TA then came forward to report her nearly 11-month-old sexual assault a week later.

## II. DISCUSSION

Chief Ellis challenges the military judge's instruction to the members that they could consider charged sexual misconduct as propensity evidence, pursuant to MILITARY RULE OF EVIDENCE 413, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012).[2]

We review a military judge's admission of evidence for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). We review instructional errors *de novo* and evaluate an allegedly erroneous instruction "'in the context of the overall message conveyed' to the members." *Hills*, 2016 CAAF LEXIS 512 at *16 (quoting *United States v. Prather*, 69 M.J. 338, 344 (C.A.A.F. 2011)) (additional citation omitted).

In sexual assault cases only, MIL. R. EVID. 413(a) permits a military judge to "admit evidence that the accused committed any other sexual offense. The evidence may be considered on any matter to which it is relevant." The rule does not distinguish between charged and uncharged misconduct, and prosecutors have proffered both under it. The Military Judges' Benchbook offers standardized instructions for both scenarios—when the other sexual offense is uncharged misconduct and when it is charged misconduct. Before the CAAF's ruling in *Hills*, military judges instructed members how to consider multiple charged sexual offenses relative to each other, in accordance with MIL. R. EVID. 413, using the following instruction:

> (Further), evidence that the accused committed the (sexual) . . . offense(s) alleged in (state the appropriate Specification(s) and Charge(s)) may have no bearing on your deliberations in relation to (state the appropriate Specification(s) and Charge(s)), unless you first determine *by a preponderance of the evidence, that is more likely than not*, the offense(s) alleged in (state the appropriate Specification(s) and Charge(s)) occurred. If you determine *by a preponderance of the evidence* the offense(s) alleged in (state the appropriate Specification(s) and Charge(s)) occurred, *even if you are not convinced beyond a reasonable doubt* that the accused is guilty of (that) (those) offense(s), you may nonetheless then consider the evidence of (that) (those) offense(s) for its bearing on any matter to which it is relevant in relation to (list the offense(s) for which the members may consider the evidence). . . .

Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9 at 1105-06 (10 Sep. 2014) (emphasis added). Military judges then instructed the members that if they were convinced of one sexual offense by a preponderance of the

---

[2] As amended by Exec. Order 13,643, 78 Fed. Reg. 29,559, 29,577 (15 May 2013).

evidence, they "may also consider the evidence of such other (sexual) . . . offense(s) for its tendency, if any, to show the accused's propensity or predisposition to engage in (sexual) . . . offenses." *Id*. at 1106.

The CAAF examined MIL. R. EVID. 413 and these instructions in *Hills* nearly a year and a half after Chief Ellis's court-martial. Despite MIL. R. EVID. 413's silence as to charged or uncharged misconduct, the CAAF unequivocally held that the rule cannot be applied to evidence of a charged sexual offense. *Hills*, 2016 CAAF LEXIS 512, at *10 ("[N]either the structure of M.R.E. 413 and its relationship to M.R.E. 404(b) nor the legislative history of the federal rule upon which it is based suggests that M.R.E. 413 and its attendant instructions may be applied to evidence of charged misconduct.") The opinion distinguished charged misconduct from prior sexual assault convictions and uncharged sexual offenses, which remain admissible under MIL. R. EVID. 413. *Id*. at *8. But using MIL. R. EVID. 413, a "rule of admissibility for evidence that would otherwise not be admissible," to admit evidence already before the fact finder as proof of charged offenses was an abuse of discretion. *Id*. at *2, *6, and*7.

The erroneous Military Judges' Benchbook instruction exacerbated the abuse of discretion. The CAAF definitively identified the instructional error— the introduction of the lower standard of proof in the consideration of evidence of charged offenses. Judge Ryan drew a distinction between *Hills* and a California case in which "'[T]he instruction clearly told the jury that all offenses must be proven *beyond a reasonable doubt*, even those used to draw an inference of propensity.'" *Id*. at * 17 (quoting *People v. Villatoro*, 281 P.3d 390, 400 (Cal. 2012)) (emphasis added). Describing *Hills*, Judge Ryan continued, "[i]n contrast, the instructions in this case invited the members to bootstrap their ultimate determination of the accused's guilt with respect to one offense using the preponderance of the evidence burden of proof with respect to another offense." *Id*. at *17-*18. Despite the military judge's reminder to the members that the Government must prove each element of each offense beyond a reasonable doubt and recitation of the spillover instruction, the CAAF held that the introduction of the preponderance of the evidence standard compromised the instructions as a whole. *Id*. at *16-*17 ("Evaluating the instructions in toto, we cannot say that Appellant's right to a presumption of innocence and to be convicted only by proof beyond a reasonable doubt was not seriously muddled and compromised by the instructions as a whole.")

Not only did this application of MIL. R. EVID. 413 to evidence of charged conduct constitute an abuse of discretion and induce instructional error, it infringed on Chief Hills's constitutional right to due process. The CAAF held

that admitting charged misconduct as propensity evidence under MIL. R. EVID. 413 "violated Appellant's presumption of innocence and right to have all findings made clearly beyond a reasonable doubt, resulting in constitutional error." *Id.* at *13. Also, "the muddled accompanying instructions implicate 'fundamental conceptions of justice' under the *Due Process Clause* by creating the risk that the members would apply an impermissibly low standard of proof, undermining both 'the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt.'" *Id.* at *18 (quoting *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)).

Instructional error with constitutional implications is prejudicial unless it is harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006) ("If instructional error is found, because there are constitutional dimensions at play, [the appellant's] claims 'must be tested for prejudice under the standard of harmless beyond a reasonable doubt.'") (citation omitted). The more specific inquiry required is whether the instructional error contributed to the members' decision to convict. "An error is not harmless beyond a reasonable doubt when 'there is a reasonable possibility that the [error] complained of might have contributed to the conviction.'" *Hills*, 2016 CAAF LEXIS 512 at *18-*19 (quoting *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007) (citation omitted) (alteration in original)). The CAAF declined to minimize the import of the instructional error in *Hills*, commenting that "[t]he juxtaposition of the preponderance of the evidence standard with the proof beyond a reasonable doubt standard with respect to the elements of the same offenses would tax the brain of even a trained lawyer." *Id.* at *19. Considering the facts in *Hills* and noting the lack of eyewitness testimony from third party witnesses, the absence of conclusive physical evidence, and the members' acquittal of the accused on some of the allegations, the CAAF concluded they "cannot know whether the instructions may have tipped the balance in the members' ultimate determination." *Id.* at *20. As a result, the CAAF set aside the findings and sentence in *Hills* and authorized a rehearing. *Id.*

Without the benefit of the CAAF's *Hills* decision, the military judge presiding over Chief Ellis's court-martial followed the then-current state of the law and unwittingly committed the same abuse of discretion and error. He documented the Government's adherence to MIL. R. EVID. 413's disclosure requirement, conducted the required balancing tests in accordance with MIL. R. EVID. 401, 402, and 403, and meticulously recorded his admission of the evidence before the members as proof of charged offenses under MIL. R. EVID.

413 as well. Contrary to the Government's argument, the difference in factual circumstances between this case and *Hills* is irrelevant to the application of MIL. R. EVID. 413 to charged offenses. The abuse of discretion arises from the complete conflation of the evidence of charged sexual offenses and the evidence of other, similar sexual offenses.

The military judge then repeated the instructional error in *Hills*, reciting the flawed language from the Military Judges' Benchbook verbatim. First, he instructed the members that they could consider the evidence of Chief Ellis's assaults on Ms. LW for its bearing on Chief TA's allegations, if they first determined by a preponderance of the evidence that the assaults on Ms. LW occurred. Then the military judge advised the members they could consider the evidence of Chief Ellis's assaults on Chief TA for its bearing on Ms. LW's allegations if they first determined by a preponderance of the evidence that the assaults on Chief TA occurred. In doing so, the military judge uttered "preponderance of the evidence" four times, defining it twice and distinguishing it from the higher beyond a reasonable doubt standard twice.

Having found abuse of discretion and error, we must assess the prejudice to Chief Ellis and determine whether the instructional error was harmless beyond a reasonable doubt. While the Government presented a strong case against Chief Ellis, it suffered some of the same weaknesses that concerned the CAAF in *Hills*. There was no physical evidence. Other than Ms. LW and Chief TA, none of the eyewitnesses observed sexual contact or sexual acts. Evidence of the *actus reus* of all but one specification consisted solely of the accuser's testimony. Trial defense counsel impeached Ms. LW's allegation that Chief Ellis penetrated her vagina with his penis using her initial statements that he performed oral sex but only attempted vaginal intercourse. The members acquitted Chief Ellis of one specification of abusive sexual contact involving Chief TA, convicting him instead of the lesser included offense of assault consummated by battery and revealing their reasonable doubt about Chief TA's claim that Chief Ellis touched her breast and buttocks in the bathroom. Finally, trial defense counsel challenged Chief TA on her possible bias, prejudice, or motive to misrepresent stemming from her role as Ms. LW's victim advocate and her subsequent decision to report her 11-month-old encounter with Chief Ellis as a sexual assault.

The facts of this case prevent us from being certain, beyond a reasonable doubt, that error did not contribute to Chief Ellis's convictions.

### III. CONCLUSION

The findings and sentence are set aside. The record is returned to the Judge Advocate General of the Navy for remand to an appropriate CA with a rehearing authorized.

Chief Judge BRUBAKER and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court