UNITED STATES, Appellee

v.

Jose M. MEDINA, Staff Sergeant
U.S. Marine Corps, Appellant

No. 10-0262

Crim. App. No. 200900053

United States Court of Appeals for the Armed Forces

Argued September 28, 2010

Decided March 10, 2011

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and RYAN, J., joined.  BAKER, J., filed a separate
opinion concurring in the result, in which STUCKY, J., joined.

Counsel


For Appellant:  Captain Michael D. Berry, USMC (argued).

For Appellee:  Commander Paul D. Bunge, JAGC, USN (argued);
Brian K. Keller, Esq. (on brief); Colonel Louis J. Puleo, USMC.

Amicus Curiae:  Michelle M. Lindo McCluer, Esq., Jonathan E.
Tracy, Esq., Stephen A. Saltzburg, Esq., and Eugene R. Fidell,
Esq. (on brief) – for the National Institute of Military
Justice.

Military Judge:  T. J. Sanzi


**This opinion is subject to revision before final publication.**

United States v. Medina, No. 10-0262/MC

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Jose M. Medina pleaded not guilty to willful dereliction of duty, aggravated sexual assault, and assault consummated by a battery in violation of Articles 92, 120, and 128, Uniform Code of Military Justice (UCMJ). He was convicted of all charges at a general court-martial with members and was sentenced to a reduction to E-1, forfeiture of all pay and allowances for eighteen months, confinement for eighteen months, and a bad-conduct discharge. The convening authority approved confinement for fifteen months, but otherwise approved the adjudged sentence. The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. United States v. Medina, 68 M.J. 587, 593 (N-M. Ct. Crim. App. 2009).

This is the second granted case this term that challenged the constitutionality of Article 120, UCMJ, when an accused raised the affirmative defense of consent to a charge of aggravated sexual assault.[1] In United States v. Prather, 69 M.J. 338, 343 (C.A.A.F. 2011), we concluded that the statutory interplay among the relevant provisions of Article 120, UCMJ, when an accused raised the affirmative defense of consent to a

_____

[1] We granted review of the following issue in this case:

Whether the lower court erred in holding that Article 120(c)(2), UCMJ, is not facially unconstitutional.

United States v. Medina, 69 M.J. 61 (C.A.A.F. 2010) (order granting review).

United States v. Medina, No. 10-0262/MC

charge of aggravated sexual assault by engaging in a sexual act
with a person who was substantially incapacitated, resulted in
an unconstitutional burden shift to the accused.  We further
held that where the members were instructed on this issue
consistent with the statutory scheme in Article 120, UCMJ, the
error could not be cured with standard "ultimate burden"
instructions.  Id. at 344.  While this case, like Prather,
involves the "substantially incapacitated" element of aggravated
sexual assault under Article 120(c)(2), UCMJ, under the unique
circumstances of this case the instructions provided by the
military judge did not employ the statutory provision regarding
the defense's burden of proof on the affirmative defense of
consent.  We therefore affirm the lower court's decision.

### BACKGROUND

The charge of aggravated sexual assault arose from an
incident that occurred when Lance Corporal CB hosted a barbeque
at her residence.  Over the course of the afternoon and evening
CB consumed a large quantity of alcohol and at some point that
evening she was assisted upstairs to her bedroom by friends.
Her friends left her lying on her bed fully clothed except for
her shoes and they left the bedroom door open so they could
periodically check on her.  Medina arrived sometime later that
evening and when he asked if CB was home, he was informed that
she was upstairs.

3

In a statement provided to the Naval Criminal Investigative Service, Medina stated that he went to CB's room and found her passed out. He stated that he woke her, they started talking, and at her request they kissed and hugged. Medina stated that when CB mentioned that the bedroom door was open, he closed and locked it. He admitted that after he closed the door and returned to the bed, CB was passed out on the bed and not moving. He also admitted that he kissed her breasts and removed her underwear and then inserted a portion of his finger into her vagina. He stated that when she pushed his hand away, he stopped. CB testified that after being assisted to her room, she did not remember anything until she awoke to the feeling of her arm being lifted, Medina kissing her neck and breasts, and feeling something in her vaginal area.

Following the presentation of evidence during the findings portion of the trial, the military judge held an Article 39(a), UCMJ, session with counsel where he noted that he had earlier provided counsel with copies of the proposed instructions that he intended to provide the members. He asked counsel if either of them had any objections to the proposed instructions or if they had any requests for other instructions. Neither counsel did. As to the issue of consent relative to the offense of aggravated sexual assault, the military judge's proposed instructions provided:

> The evidence has raised the issue of whether
> Corporal [CB] consented to the sexual acts
> concerning the offense of aggravated sexual assault,
> as alleged in the Specification of Charge II.
>
> Consent is a defense to that charged offense. . . .
>
> . . . .
>
> The prosecution has the burden of proving beyond a
> reasonable doubt that consent did not exist.
> Therefore, to find the accused guilty of the offense
> of aggravated sexual assault . . . you must be
> convinced beyond a reasonable doubt that, at the
> time of the sexual acts alleged, Corporal [CB] did
> not consent.[2]

The military judge subsequently instructed the members on the elements of the offenses and the relevant definitions, including the referenced instruction on the defense of consent. The military judge also provided the standard prefatory and summary instructions that specifically identified that the burden of proof was on the Government to prove each and every element beyond a reasonable doubt and that the burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of each offense. After instructing the members, the military judge once again asked counsel if they had any objection to the instructions given or if they wanted to request any additional instructions. Again, both counsel stated that they did not.

---

[2] The military judge also instructed the members on the affirmative defense of mistake of fact as to consent using substantially the same wording.

United States v. Medina, No. 10-0262/MC

Medina appealed to the Court of Criminal Appeals arguing, among other issues, that Article 120, UCMJ, violated his constitutional due process rights by requiring him to disprove the victim was substantially incapacitated before he could raise the affirmative defense of consent.  68 M.J. at 589.  The lower court found that the statute did not deny Medina due process and while the lower court did not determine whether the military judge erred in instructing the members, it was convinced beyond a reasonable doubt that the instructions did not prejudice him. Id. at 589-92.

## DISCUSSION

Before this court Medina renews the constitutional arguments that he made at the Court of Criminal Appeals.  The constitutionality of a statute is a question of law we review de novo.  United States v. Disney, 62 M.J. 46, 48 (C.A.A.F. 2005).

In this court's recent opinion in Prather, we analyzed the shifting burdens found in Article 120(t)(16), UCMJ, and held that the statutory interplay among Article 120(c)(2), UCMJ, Article 120(t)(14), UCMJ, and Article 120(t)(16), UCMJ, resulted in a unconstitutional burden shift to an accused.  69 M.J. at 343.  We specifically held that under the circumstances presented in that case, where the accused was required to prove the affirmative defense of consent, the burden shifted to the

6

defense to disprove an essential element of the offense.[3]  Id. at

343.  We further held that where the members were instructed

consistent with the statutory scheme found in Article 120, UCMJ,

the unconstitutional burden shift was not cured by standard

"ultimate burden" instructions.  Id. at 344.  While the

underlying statutory scheme in Prather and in this case are the

same, and thus raised the potential for an unconstitutional

burden shift, in this case we have a distinctly different

instructional situation and the holding in Prather is therefore

not dispositive.

In Prather, the military judge instructed the members

consistent with the statutory scheme found in Article 120, UCMJ

-- that for consent to be a defense to the offense of aggravated

sexual assault, Prather was required to prove consent by a

preponderance of the evidence.  Id. at 343.  In this case, the

military judge did not instruct the members that the burden was

on the accused to prove the affirmative defense of consent by a

preponderance of the evidence.  Instead the military judge

instructed the members that the evidence raised the defense of

---

[3] In Prather we held that "[i]f an accused proves that the victim consented, he has necessarily proven that the victim had the capacity to consent, which logically results in the accused having disproven an element of the offense of aggravated sexual assault -- that the victim was substantially incapacitated."  69 M.J. at 343.

consent and that the Government had the burden of disproving the defense beyond a reasonable doubt.

In Prather we noted that the Article 120, UCMJ, statutory scheme in these circumstances placed military judges in an impossible position and, "in order to provide an instruction that accurately informed the panel of the Government's burden (as recommended by the Military Judges' Benchbook), the military judge would have to ignore the plain language of Article 120, UCMJ." Id. at 343 n.8. That appears to be exactly what occurred in this case. The military judge did not employ the terms of the statute with respect to the affirmative defense in his instructions, but set forth no reasons in the record for his deviation from the statutory scheme. It is not apparent from the record whether the military judge interpreted the statute, misinterpreted the statute, affirmatively severed a portion of the statute on constitutional grounds, or simply overlooked a portion of the statute. In any case, in the absence of a legally sufficient explanation, it was error for the military judge to provide an instruction inconsistent with the statute.

We must now determine whether Medina was prejudiced by that error, where the interplay of the statutory provisions in Article 120, UCMJ, would have resulted in an unconstitutional burden shift, but where the members were not instructed of that burden shift. "Whether a panel was properly instructed is a

8

question of law reviewed de novo." United States v. Ober, 66 M.J. 393, 405 (C.A.A.F. 2008). "If instructional error is found, because there are constitutional dimensions at play, [the error] must be tested for prejudice under the standard of harmless beyond a reasonable doubt." United States v. Wolford, 62 M.J. 418, 420 (C.A.A.F. 2006) (citation and quotation marks omitted).

In Prather we "agree[d] with the Government that we must evaluate the instructions 'in the context of the overall message conveyed to the jury.'" 69 M.J. at 343 (citation omitted). Here, there was no confusion in the instruction that the military judge provided to the members on the defense of consent or on the Government's burden of proof related to that defense. The military judge advised the members that consent was a defense to the charge of aggravated sexual assault and the Government had the burden of proving beyond a reasonable doubt that consent did not exist.[4] The members were not instructed of the statutory scheme that required an accused to prove by a preponderance of the evidence that the victim consented. The instruction that was given was clear and correctly conveyed to

---

[4] In Prather the court stated that no instruction adhering to the statutory scheme in Article 120(t)(16), UCMJ, could have cured the error. 69 M.J. at 344 n.9. As noted, the circumstances in this case differ from those presented in Prather because the members here were never instructed in adherence to the objectionable statutory scheme. Thus, the instructions in this

9

United States v. Medina, No. 10-0262/MC

the members the Government's burden.  See Martin v. Ohio, 480

U.S. 228, 234 (1987).[5]

　　Although, in the absence of a legally sufficient

explanation, the military judge's decision not to employ the

terms of the statute constituted error, we are satisfied that

the error was harmless beyond a reasonable doubt.

### DECISION

　　The decision of the United States Navy-Marine Corps Court

of Criminal Appeals is affirmed.

---

case, unlike those in Prather, did not reference the
constitutional infirmity.

[5] Contrary to the suggestion of the separate opinion, "the only
course left open" is not to perpetuate an unconstitutional
statute.  United States v. Medina, __ M.J. __ (1) (C.A.A.F.
2011) (Baker, J., joined by Stucky, J., concurring in the
result).  Moreover, the problematic nature of the statute, in
light of the constitutional defects described in Prather,
caution against the suggestion in the separate opinion that this
court should provide uniform guidance as to how future cases
should be litigated and decided at the trial level.  The
responsibility clearly rests with Congress to revise the statute
to remedy the unconstitutional statutory scheme.  Although this
court follows the Supreme Court's admonition to give a
constitutional saving construction when possible, the Supreme
Court has also reminded us that we do so only when the statute
is susceptible to such a construction.  It is not the province
of this court to rewrite a statute to conform to the
Constitution, as that would invade the legislative domain.  See
United States v. Stevens, 130 S. Ct. 1577, 1591-92 (2010).

United States v. Medina, No. 10-0262/MC

BAKER, Judge, with whom STUCKY, Judge, joins (concurring in the result).

Although I concur in the result reached in this case, I adhere to the position taken in my separate opinion in United States v. Prather, 69 M.J. 338, 347 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., dissenting in part and concurring in the result). However, the Court's opinion in this case warrants brief comment because it places practitioners in a difficult position.

In Prather the majority concluded that no instruction "could have cured the error where the members already had been instructed in a manner consistent with the text of Article 120." Id. at 344 n.9. However, the Court did not conclude that the statute was unconstitutional on its face. Now, in this case, the Court concludes that "it was error for the military judge to provide an instruction inconsistent with the statute." United States v. Medina, __ M.J. __ (8) (C.A.A.F. 2011). It is not clear what is left on the table and how military judges are supposed to now proceed in light of the Court's positions in Prather and Medina. The only course left open, it appears, is for military judges to continue giving "erroneous" instructions that nonetheless remove the prejudice embedded in Article 120, UCMJ, beyond a reasonable doubt. Such a course either shows a

curious attitude toward the law, or suggests that the instructions are not in fact erroneous.

What is needed at this stage, while the political branches consider when, whether, and how to correct Article 120, UCMJ, is clear guidance from this Court that can be applied in a uniform fashion throughout the armed forces.