UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SIMS, COOK, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class RODOLFO SERNA-RAMIREZ
 United States Army, Appellant

 ARMY 20100129

 101st Airborne Division (Air Assault)
 Timothy Grammel, Military Judge
 Colonel William R. Kern, Staff Judge Advocate (pretrial)
 Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant
Colonel Peter Kageleiry, Jr., JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Major Amber Williams, JA; Captain Chad M. Fisher, JA;
Captain John D. Riesenberg, JA (on brief).

 18 October 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, contrary to his plea, of aggravated sexual assault, in violation
of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920
[hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge,
confinement for three years, forfeiture of all pay and allowances, and
reduction in rank to E1. The convening authority approved the sentence as
adjudged. The convening authority waived the automatic forfeiture of all
pay and allowances for a period of six months, effective 21 June 2010.
This case is before us for review pursuant to Article 66, UCMJ.

 On consideration of the entire record, the assigned error, and the
matters personally raised by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), we find appellant’s arguments to be
without merit.[1] The findings of guilty are affirmed and, except for that
part of the sentence that includes forfeiture of all pay and allowances,
the court affirms the sentence.[2] All rights, privileges, and property,
of which appellant was deprived by virtue of that portion of his sentence
being set aside by this decision, are hereby ordered restored. See UCMJ
arts. 58(b) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] The military judge erred in applying an instruction that was
inconsistent with Article 120, UCMJ. However, under the facts of this
case, we are satisfied that this error was harmless beyond a reasonable
doubt. The military judge stated the law he was going to apply and
demonstrated a clear and correct understanding as to the burden resting
solely on the government with regards to the defense of consent and any
mistake of fact as to consent. United States v. Medina, 69 M.J. 462, 465
(C.A.A.F. 2011) (citing Martin v. Ohio, 480 U.S. 228, 234 (1987)).

[2] The convening authority approved appellant’s request for deferment of
automatic and adjudged forfeitures until action and waiver of forfeitures
for a six month period after action. Subsequently, the waiver of
forfeitures for the benefit of appellant’s spouse was restated in the
convening authority’s action. However, the action also approved the
adjudged sentence which included total forfeiture of pay and allowances,
thus leaving no pay and allowances to waive for the benefit of appellant’s
spouse. The staff judge advocate provided erroneous advice to the
convening authority that led to the conflicting action. In order to
effectuate the clear intent of the convening authority and in the spirit of
judicial economy, we set aside that portion of the sentence that included
total forfeitures of pay and allowances.