# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BENJAMIN M. ACKMAN**
**United States Army, Appellant**

ARMY 20090615

Headquarters, United States Army Maneuver Center of Excellence
James Pohl, Military Judge
Colonel Tracy A. Barnes, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee:  Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA (on brief).

30 November 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2007) [hereinafter UCMJ].  At the same general court-martial, a panel of officer and enlisted members convicted appellant, contrary to his pleas, of aggravated sexual assault, indecent conduct, and adultery, in violation of Articles 120, and 134, UCMJ.[1]  *See Manual for Courts-Martial*, *United States*, (2005 ed.) [hereinafter *MCM*], Part IV, para. 62.b. Appellant was sentenced to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to E1.  The convening authority

---
[1] One specification of adultery in violation of Article 134, UCMJ, was dismissed.

disapproved one year of confinement, waived a portion of the automatic forfeitures for six months,[2] and otherwise approved the remainder of the sentence.

Appellant's case is now before this court for review under Article 66, UCMJ. Appellant raises three assignments of error[3] and personally submits matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). In addition, it is evident that Specification 1 of Charge III, setting forth a violation of Article 134, UCMJ, does not expressly allege a terminal element. We have considered the Article 134 charge and specification in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and we have also considered the issues raised by appellant, the government's answer, and the record of trial. We find the issues raised by appellant to be without merit, and we hold that Specification 1 of the re-numbered Charge II, when liberally construed, states the offense of adultery.

---

[2] Prior to action, the convening authority approved appellant's request for waiver of automatic forfeitures in the amount of $1399.50 pay per month (the basic pay amount for an E1 in 2009). This waiver was approved for a six-month period to begin after action. Thereafter, the convening authority took action and reiterated the previously approved waiver of forfeitures, directing payment to Mrs. Tracy Ackman for a period of six months. However, the convening authority also approved the adjudged sentence to total forfeiture of all pay and allowances. Thus, although the *automatic* forfeitures were waived, the *adjudged* forfeitures were still in effect, thereby leaving no forfeitures to pay for the benefit of Mrs. Ackman. In order to effectuate the clear intent of the convening authority and in the spirit of judicial economy, we will set aside that portion of the sentence that included total forfeiture of all pay and allowances in our decretal paragraph. To the extent that the Defense Finance and Accounting Service did not execute the convening authority's waiver of forfeitures of $1399.50 pay per month for a six month period, we order retroactive payment to Mrs. Tracy Ackman.

[3] In one assignment of error, appellant avers that the military judge erred when he did not instruct the panel that appellant first possessed the burden to prove the affirmative defenses of consent and mistake of fact as to consent by a preponderance of the evidence. UCMJ art. 120(t)(16). We hold that the military judge erred by not giving a legally sufficient explanation when he provided an instruction that was inconsistent with Article 120, UCMJ. *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011). However, under the facts of this case, we are satisfied that this error was harmless beyond a reasonable doubt. The instruction that was given was clear and correctly conveyed that the burden to disprove the affirmative defenses beyond a reasonable doubt rested solely with the government. *Id.*

ACKMAN—ARMY 20090615

## LAW AND DISCUSSION

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Here, appellant pleaded not guilty to the charge of adultery—which in this case does not expressly allege that appellant's conduct was to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. However, appellant did not object to the language of the charge and specification at trial, nor did he object in his post-trial matters to the convening authority, or in his appeal to this court. Appellant's silence on this issue speaks volumes and informs our decision on this matter. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). We hold that in this case the Article 134 charge and specification can be so construed, and, therefore, state the offense of adultery. Although the adultery charges at issue in *Fosler* and this case are similar, the procedural posture of the parties is different. In this case, appellant did not object at trial; therefore, his standing to challenge the charge and specifications is circumscribed. *Roberts*, __ M.J. at ___, slip op. at 4. *Cf. Fosler*, 70 M.J. at 230. In addition to the procedural posture, the factual allegations also differ. In the instant case the allegations contained in the adultery specification mirror those supporting the separately charged specifications alleging an aggravated sexual assault and an indecent act. In other words, altogether the charges notified appellant that the adultery was committed by engaging in a sexual act with a substantially incapacitated woman that was not his spouse in violation of Article 134, UCMJ. Therefore, the adultery charge and specification in this case necessarily imply that appellant's conduct was prejudicial to good order and discipline or service discrediting.

Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge sets forth a violation of Article, 134, UCMJ, and the specification states the date, location, and the victim of the offense. *See,*

*e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). Additionally, the panel was instructed in open court, without comment from appellant or his defense counsel, that the Article 134 offense contained terminal elements and required proof of the same. Buttressed by the presumption of the defense counsel's competence, this is strong evidence that appellant was not misled about the nature of the charge leveled against him. *See MCM*, Part IV, paras. 60.c.(6)(a), and 62.b. Finally, the factual allegations in the specification combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

On consideration of the entire record, the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), we find appellant's arguments to be without merit. The findings of guilty are affirmed. On the basis of the error noted, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for three years, and reduction to Private E1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court