# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Patrick L. MURPHY
### Fireman (E-3), U.S. Coast Guard

## CGCMG 0274

## Docket No. 1343

## 13 December 2011

General Court-Martial convened by Commander, Coast Guard Force Readiness Command. Tried at Norfolk, Virginia, on 16, 20-24 September 2010.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LCDR Eric D. Masson, USCG |
| Assistant Trial Counsel: | LT Michael O. Walker, USCGR |
| Civilian Defense Counsel: | Mr. Phillip D. Cave, Esq. |
| Detailed Defense Counsel: | LT Lauren A. Mayo, JAGC, USN |
| Civilian Appellate Defense Counsel: | Mr. Philip D. Cave, Esq. |
| Detailed Appellate Defense Counsel: | LT Paul R. Casey, USCG |
| | LT Kate J. Grossman, USCGR |
| Appellate Government Counsel: | LT Frances S. Johnson-Gillion, USCGR |

### BEFORE
### McCLELLAND, McTAGUE & JOHNSON
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of aggravated sexual assault and two specifications of wrongful sexual contact, all in violation of Article 120, Uniform Code of Military Justice (UCMJ); and one specification of assault and battery, in violation of Article 128, UCMJ. The court sentenced Appellant to a dishonorable discharge, reduction to E-1, and confinement for ninety days. The Convening Authority approved the sentence.

Before this Court, Appellant has assigned the following errors:

I.      Article 120, UCMJ, is unconstitutional as to the allegations in Charge I, Specification 1 (aggravated sexual assault, in violation of Article 120(c)(2), UCMJ), and the military judge erred in his instructions to the members.

II.     The military judge abused his discretion in denying the defense motion to suppress Fireman Murphy's statements to CGIS.

III.    The evidence was not sufficient, in fact or law, to prove Appellant guilty beyond reasonable doubt of the charges.

IV.     A sentence which includes a dishonorable discharge is too severe.

We discuss the first issue briefly.  We affirm.

Appellant was charged under Article 120(c)(2), UCMJ, with aggravated sexual assault against a substantially incapacitated person.  The military judge instructed the members on the defenses of consent and mistake of fact as to consent.  (R. at 993-94.)  However, the military judge did not proceed or instruct in accordance with Article 120(t)(16) concerning the affirmative defenses of consent and mistake of fact, and he did not discuss this deviation from the statutory scheme.

Appellant acknowledges that the military judge proceeded essentially the same as did the military judge in *United States v. Medina*, 69 M.J. 462 (C.A.A.F. 2011).  In that case, the Court of Appeals for the Armed Forces held that the military judge erred by providing an instruction inconsistent with the statute, in the absence of a legally sufficient explanation for that inconsistency, but the error was harmless beyond a reasonable doubt.  We follow that holding in this case.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,


Andrew R. Alder
Deputy Clerk of the Court