UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, KRAUSS, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant LAWRENCE J. LAVERGNE, JR.
 United States Army, Appellant

 ARMY 20090986

 Headquarters, 2d Infantry Division
 T. Mark Kulish, Military Judge
 Lieutenant Colonel Michael R. Lutton, Staff Judge Advocate

For Appellant: Daniel Conway, Esquire (argued); Captain A. Jason Nef, JA;
Daniel Conway, Esquire (on brief).

For Appellee: Captain Daniel D. Maurer, JA (argued); Major Amber J.
Williams, JA; Major Katherine S. Gowell, JA; Captain Daniel D. Maurer, JA
(on brief).

 30 March 2012

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A panel of officer and enlisted members, sitting as a general court-
martial, convicted appellant, contrary to his pleas, of aggravated sexual
assault, housebreaking (as a lesser-included offense of burglary), and
adultery, in violation of Articles 120, 130, and 134, Uniform Code of
Military Justice, 10 U.S.C. §§ 920, 930, 934 (2006) [hereinafter UCMJ].
See Manual for Courts-Martial, United States, (2008 ed.), pt. IV, ¶ 62.b.
Appellant was sentenced to a bad-conduct discharge, confinement for thirty-
six months, forfeiture of all pay and allowances, and reduction to the
grade of E-1. The convening authority approved the adjudged sentence.

 Appellant’s case is now before this court for review under Article 66,
UCMJ. Appellant raises five assignments of error, one of which alleges his
adultery conviction is factually insufficient. The government concedes the
merits of this assignment of error and that the charge is factually
insufficient. We agree and will grant relief in our decretal paragraph.
However, we find each of appellant’s other assignments of error to be
without merit.(

 In addition, although not raised by appellate defense counsel, it is
evident that the staff judge advocate’s post-trial recommendation to the
convening authority omits any reference to the sentencing authority’s
clemency recommendation. We have considered this incomplete advice, and
in the context of this case, conclude that it requires a new review and
action.

 LAW AND DISCUSSION

 The Adultery Charge

 We find the evidence factually insufficient to establish that
appellant was married at the time of the offense. See United States v.
Washington, 57 M.J. 394, 399 (C.A.A.F. 2002) (holding that factual
sufficiency review “involves a fresh, impartial look at the evidence,
giving no deference to the decision of the trial court on factual
sufficiency beyond the admonition in Article 66(c), UCMJ, to take into
account the fact that the trial court saw and heard the witnesses”). At
trial, the government relied entirely on appellant’s enlisted record brief
(ERB) to prove that he was married. However, under the facts of this case,
appellant’s ERB is insufficient in this regard. Although it is strong
circumstantial evidence that he was married on 18 October 2009, the ERB
does not establish whether appellant was married at the time of the
offense, 29 November 2008, nearly one year earlier. Accordingly, the
evidence does not establish beyond a reasonable doubt that appellant
committed adultery as alleged in the Specification of Charge III.

 The Staff Judge Advocate Recommendation

 Rule for Courts-Martial [hereinafter R.C.M.] 1106(d)(3)(B) requires
that the SJA’s post-trial advice to the convening authority contain, where
applicable, “[a] recommendation for clemency by the sentencing authority,
made in conjunction with the announced sentence.” In this case, the panel
at appellant’s court-martial adjudged total forfeitures but recommended “6
months of pay and allowances [be provided] to [appellant’s] family.” The
military judge sought to clarify this recommendation by asking the panel
whether its recommendation was to “waive automatic forfeitures and
disapprove adjudged forfeitures to the extent that they are paid to his
family for the maximum period allowed.” The president of the panel agreed
with this characterization of the clemency recommendation. The SJA’s post-
trial advice to the convening authority (SJAR) does not reference either
the written clemency recommendation or the military judge’s subsequent
“clarification” of that recommendation. Instead, the SJAR affirmatively
misadvised the convening authority that no clemency recommendations were
made by the sentencing authority.

 Under the facts of this case, the aforementioned error in the SJAR was
prejudicial. Following trial, appellant requested that his adjudged and
automatic forfeitures be deferred, which the convening authority approved.
This deferral period lasted for more than six months. However, appellant’s
request for deferral mischaracterized the panel’s recommendation for a
waiver of forfeitures as a recommendation for a deferral of forfeitures.
Moreover, the SJA’s separate advice to the convening authority regarding
this deferral request omitted any reference to the panel’s actual clemency
recommendation. Given the convening authority’s inherent power to waive
forfeitures under Article 58b, UCMJ, and the panel’s clemency
recommendation (as clarified by the military judge), we are unable to say
with any certainty that additional relief would not have been granted. See
United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998) (requiring only
“some colorable showing of possible prejudice” for errors connected with a
convening authority’s post-trial review).

 CONCLUSION

 On consideration of the entire record, the findings of guilty of the
Specification of Charge III, and Charge III, are set aside and dismissed.
The convening authority’s initial action is set aside. The record of trial
is returned to The Judge Advocate General for a new SJAR and action by the
same or a different convening authority in accordance with Article
60(c)–(e), UCMJ. In light of our decision setting aside Charge III, the
SJA should be cognizant of his duty to also advise the convening authority
about sentence reassessment. United States v. Reed, 33 M.J. 98, 99–100
(C.M.A. 1991). See United States v. Sales, 22 M.J. 305 (C.M.A. 1986);
United States v. Moffeit, 63 M.J. 40, 42 (C.A.A.F. 2006) (Baker, J.,
concurring).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
( In his fifth assignment of error, appellant avers that the military judge
erred when he did not instruct the panel that appellant first possessed the
burden to prove the affirmative defenses of consent and mistake of fact as
to consent by a preponderance of the evidence. UCMJ art. 120(t)(16). We
hold that the military judge erred by not giving a legally sufficient
explanation when he provided an instruction that was inconsistent with
Article 120, UCMJ. See United States v. Medina, 69 M.J. 462, 465 (C.A.A.F.
2011). However, under the facts of this case, we are satisfied that this
error was harmless beyond a reasonable doubt. The instruction that was
given was clear and correctly conveyed that the burden to disprove the
affirmative defenses beyond a reasonable doubt rested solely with the
government. See id.