# CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 LESHAWN WILLIAMS**
**United States Army, Appellant**

ARMY 20091067

Headquarters, U.S. Army Signal Center of Excellence and Fort Gordon
Tara Osborn, Military Judge
Colonel Michael W. Hoadley, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Major Tiffany K. Dewell, JA (on brief).**

For Appellee:  Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Christopher S. Glascott, JA (on brief).***

9 May 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

BURTON, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of engaging in a sexual act while the victim was substantially incapable of declining participation in a sexual act in violation of Article 120(c), Uniform Code of Military Justice, 10 U.S.C. § 920(c) (2006 & Supp. III 2009) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, total forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

**Corrected
***Corrected

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial, appellant's assignment of error,[*] the government's answer, and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant complained of unreasonable post-trial delay in his post-trial matters, *see* Rule for Courts-Martial 1105, and prejudice as a result. The staff judge advocate's Addendum addressed matters raised by the defense counsel and concluded that the matters did not constitute legal error and no corrective action was required or merited. The record includes a memorandum which provides a timeline for post-trial processing; however, it does not provide any justifiable case-specific reason for the delay.

Though we find no prejudice as a result of the excessive delay in this case, absent actual prejudice, this court is responsible to review the appropriateness of the sentence in light of presumptively excessive and unjustified delay in post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, we find the sentence, as approved by the convening authority, appropriate and, therefore, despite the government's failure to meet its obligation to provide more timely post-trial processing of this case, relief is not warranted.

On consideration of the entire record, the assigned error, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

---

[*] In his first assignment of error, appellant avers that the military judge erred when he did not instruct the panel that appellant first possessed the burden to prove the affirmative defenses of consent and mistake of fact as to consent by a preponderance of the evidence. UCMJ art. 120(t)(16). We hold that the military judge erred by not giving a legally sufficient explanation when she provided an instruction that was inconsistent with Article 120, UCMJ. *See United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011). However, under the facts of this case, we are satisfied that this error was harmless beyond a reasonable doubt. The instruction that was given was clear and correctly conveyed that the burden to disprove the affirmative defenses beyond a reasonable doubt rested solely with the government. *See id.*

WILLIAMS – ARMY 20091067

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court