**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman JOSEPH D. MORCHINEK**
**United States Air Force**

**ACM S32291**

**9 May 2016**

Sentence adjudged 28 September 2014 by SPCM convened at Bagram Airfield, Afghanistan.  Military Judge:  Christopher F. Leavey.

Approved Sentence:  Bad-conduct discharge, confinement for 2 months, forfeiture of $1,021.00 pay per month for 2 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant:  Captain Lauren A. Shure.

Appellate Counsel for the United States:  Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

ZIMMERMAN, Judge:

Appellant was convicted, contrary to his plea, by a panel of officer members of misbehavior before the enemy in violation of Article 99, UCMJ, 10 U.S.C. § 899. Appellant was convicted by the military judge, in accordance with his plea, of use, distribution and possession of hashish while receiving special pay in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.  The court sentenced him to a bad-conduct discharge, confinement for two months, forfeiture of $1,021 pay per month for two months, reduction

to the grade of E-1, and a reprimand.[1]  The sentence was approved, as adjudged, on 2 February 2015.

Appellant argues that:  (1) the evidence was factually insufficient to establish that Appellant was "before the enemy" and endangered the safety of Bagram Airfield; (2) that the Government was required to prove that Appellant had a duty to defend Bagram Airfield, and that it failed to do so; (3) the military judge erred in instructing the members prior to deliberation on findings; and (4) the court-martial lacked jurisdiction over the charge of misbehavior before the enemy because it alleged a capital offense yet was referred without consent of the general court-martial convening authority.  Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

Appellant used, distributed, and possessed hashish both on and off-duty as a security forces member deployed to Bagram Airfield, Afghanistan.  He pled guilty to the controlled substance offenses, but contested the charge that his use constituted misbehavior before the enemy.  He argued that under the circumstances, his drug offenses did not endanger the safety of the installation.  He further contended that, based upon the state of hostilities, he was not before the enemy at the time of his misconduct.  Appellant stipulated that on one occasion he used hashish while posted to a perimeter response team which had immediate-action responsibilities in the event of an attack on the installation.  In that capacity, he was the senior member of a three-person crew of a tactical vehicle armed with a crew-served machine gun mounted in a turret.  During that time, he both used hashish and distributed it to the other members of his crew.  He also stipulated that on another occasion he used hashish while responsible for the search and inspection of personnel coming onto the installation.  His commander testified during the trial that both postings were part of a "defense in depth" strategy to defend the installation.  The commander also testified that the installation came under indirect fire attacks during the charged timeframe.

*Factual and Legal Sufficiency*

Appellant first argues that the evidence was factually insufficient to sustain his conviction for misbehavior before the enemy because the Government failed to prove that his misconduct was actually before the enemy and that it endangered the installation.  We review issues of factual sufficiency de novo.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed

---

[1] The court-martial order incorrectly states that the sentence was adjudged by the military judge, rather than members. We direct the promulgation of a corrected order.  We also note that a reprimand was adjudged and approved, but not included on the convening authority's action, as required by Air Force Instruction 51-201, *Administration of Military Justice* (6 June 2013).  Since the omission of the reprimand does not prejudice a material right of Appellant, we direct no further action in that regard.  *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987), *quoted in United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington,* 57 M.J. at 399.

The *Manual for Courts-Martial* provides an explanation for the term "before the enemy."

> Whether a person is "before the enemy" is a question of tactical relation, not distance. For example, a member of an antiaircraft gun crew charged with opposing anticipated attack from the air, or a member of a unit about to move into combat may be before the enemy although miles from the enemy lines. On the other hand, an organization some distance from the front or immediate area of combat which is not a part of a tactical operation then going on or in immediate prospect is not "before or in the presence of the enemy" within the meaning of this article.

*Manual for Courts-Martial, United States*, pt. IV, ¶ 23.c.(1)(c) (2012 ed.). Our superior court has also examined the issue, holding that "if an organization is in position ready to participate in either an offensive or defensive battle, and, its weapons are capable of delivering fire on the enemy and in turn are so situated that they are within effective range of the enemy weapons, then that unit is before the enemy." *United States v. Sperland*, 5 C.M.R. 89, 91 (C.M.A. 1952).

Appellant contends that "[n]o evidence was presented that Appellant was tactically engaged with the enemy." Neither *Sperland* nor the definition in the *Manual* focuses on individual engagement, however. The *Manual* references, by way of illustration, those before the enemy as a "member of an antiaircraft gun crew" and "a member of a unit about to move into combat." Since one form of misbehavior before the enemy is wrongful failure to engage in combat, we find this unit-based analysis significant. *See United States v. Payne*, 40 C.M.R. 516, 519–20 (A.B.R. 1969). Appellant's commander affirmatively testified that the unit was tactically engaged in the defense of Bagram Airfield. We find Appellant's contention that Bagram Airfield was "some distance from the front or immediate area of combat" unconvincing in light of the uncontested evidence in the record that the installation did, in fact, come under indirect-fire attack during the charged time-frame. Nor are we convinced by Appellant's argument that his misconduct did not actually endanger the base. After making allowances for not having personally observed the witnesses, and based upon our independent review of the record, we are convinced beyond

a reasonable doubt that Appellant was before the enemy and that his conduct endangered Bagram Airfield.

Appellant separately argues that, although not explicitly stated in the statute, the specification as alleged incorporated as an element that Appellant had a duty to defend Bagram Airfield. More importantly, Appellant argues that the Government failed to prove such an element beyond a reasonable doubt. We construe this assignment of error as an assertion that the evidence was factually and legally insufficient to support his conviction because it did not show that Appellant had a duty to defend Bagram Airfield.

We review legal sufficiency of the evidence de novo. *Washington*, 57 M.J. at 399. "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *Turner*, 25 M.J. at 324). The term reasonable doubt does not mean that the evidence must be free from conflict. *United States v. Lips,* 22 M.J. 679, 684 (A.F.C.M.R. 1986). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal and factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993). We review the factual sufficiency component of Appellant's assertion using the same standard of review and legal test articulated above.

Appellant first sets out a statutory and due process argument to establish, as an element, that Appellant had a duty to defend Bagram Airfield. We agree with Appellant's interpretation that the specification alleged in this case established an element that Appellant had a duty to defend Bagram Airfield.

We find, however, that the evidence was factually and legally sufficient to show that Appellant had such a duty. Appellant's commander testified both about the general duty of Airmen assigned to his unit and about the specific duties Appellant performed. He testified that all members of his unit had a duty to defend Bagram Airfield. He also testified about the layered defenses he employed, including searches of incoming and outgoing traffic as well as perimeter response teams with additional weapons. Other members of the unit also testified that Airmen assigned to the unit had a duty to defend Bagram Airfield, even during rest periods, or while "off-shift." Appellant also stipulated that he "was assigned to perform base defense duties." More specifically, Appellant stipulated that he used hashish while on-shift assigned to both search duties and perimeter response team duties. We find this evidence was sufficient when viewed in the light most favorable to the prosecution for a reasonable finder of fact to conclude that Appellant had a duty to defend Bagram Airfield at all times relevant to the charged offense. We ourselves, after making allowances for not having personally observed the witnesses, and based upon our

4

independent review of the record, also conclude beyond a reasonable doubt that Appellant was guilty of the offense alleged.

*Reasonable Doubt Instruction*

Appellant also argues that the military judge erred in instructing the members prior to deliberation on findings, particularly as it relates to reasonable doubt. We review de novo the military judge's instructions to ensure that they correctly address the issues raised by the evidence. *United States v. Maxwell*, 45 M.J. 406, 424 (C.A.A.F. 1996). When, as in this case, trial defense counsel made no challenge to the instruction now contested on appeal, the matter has been forfeited absent plain error.[2] *See* Rule for Courts-Martial (R.C.M.) 920(f). If we find error, we must then determine whether the error was harmless beyond a reasonable doubt. *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011).

The language used by the military judge in Appellant's case is—and has been for many years—an accepted reasonable doubt instruction used in Air Force courts-martial. *See, e.g.*, *United States v. Sanchez*, 50 M.J. 506, 509–10 (A.F. Ct. Crim. App. 1999); *see also United States v. Gibson*, 726 F.2d 869, 873–74 (1st Cir. 1984) (upholding similar language). It was also offered by our superior court as a suggested instruction. *See United States v. Meeks*, 41 M.J. 150, 157–58 n.2 (C.M.A. 1994) (citing Federal Judicial Center, Pattern Criminal Jury Instruction 17–18 (1987)). As such, we cannot say the military judge committed error, plain or otherwise, in giving the challenged instruction in Appellant's case.

*Jurisdiction over Capital Offense*

Appellant raises for the first time on appeal that the convening authority who referred his case to a special court-martial lacked the consent of the general court-martial convening authority, thereby depriving the court of jurisdiction to hear the case. *See* R.C.M. 201(f)(2)(C); *United States v. Henderson*, 59 M.J. 350, 353 (C.A.A.F. 2004). We disagree with Appellant's contention.

"The jurisdiction of a special court-martial over a non-mandatory capital offense is a legal question we review de novo." *Henderson*, 59 M.J. at 351–52.

"Misbehavior before the enemy" under Article 99, UCMJ, is a non-mandatory capital offense, punishable by "[d]eath or such other punishments as a court-martial may direct." *Manual for Courts-Martial, United States*, pt. IV, ¶ 23.e. (2012 ed.). When read together, Article 19, UCMJ, and R.C.M. 201(f)(2)(C)(ii)[3] allow a special court-martial

---

[2] Although we recognize that the rule speaks of "waiver," this is in fact forfeiture. *United States. v. Sousa*, 72 M.J. 643 (A.F. Ct. Crim. App. 2013).

[3] Article 19 states in part, "special courts-martial have jurisdiction to try persons . . . under such regulations as the President may prescribe, for capital offenses." Rule for Courts-Martial 201(f)(2)(C)(ii) prescribes one such exception,

ACM S32291

convening authority (SPCMCA) to refer a non-mandatory capital offense to trial by special court-martial, when permitted by "[a]n officer exercising general court-martial jurisdiction over the command which includes the accused." Appellant did not raise this jurisdictional issue at trial, and the record of trial is devoid of any indication that the general court-martial convening authority (GCMCA) granted authority to the convening authority. Hence, the Government filed affidavits in support of its argument that the convening authority actually exercised proper jurisdiction under the R.C.M. 201(f)(2)(C)(ii) exception, which affidavits were not contested by Appellant.[4]

The Government supplied an affidavit from the GCMCA and one from the SPCMCA who convened this court-martial. Both affiants unequivocally attested to discussing this case with one another on multiple occasions, and to the GCMCA's granting of approval to the SPCMCA to refer the Article 99 offense to a special court-martial. We find the statements in the affidavits were relevant; the GCMCA granted permission to the convening authority to refer the offenses to trial by a special court-martial; and therefore, the special court-martial had jurisdiction to convict and sentence Appellant.[5]

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED.**

FOR THE COURT



LEAH M. CALAHAN
Clerk of the Court

---

allowing for special court-martial jurisdiction over non-mandatory capital offenses when permitted by "[a]n officer exercising general court-martial jurisdiction over the command which includes the accused."

[4] The Government filed a motion to attach documents with its response to Appellant's supplemental filings, which motion was uncontested and granted by this court. We considered the affidavits in our review of Appellant's claim of jurisdictional error. *See United States v. Ginn*, 47 M.J. 236, 242 (C.A.A.F. 1997); *United States v. Averell*, 2014 CCA LEXIS 841 (N.M. Ct .Crim. App. 6 November 2014), *pet. rev. denied*, 74 M.J. 354 (C.A.A.F. 2015) (where appellant did not raise jurisdictional issue at trial and did not dispute contents of post-trial affidavit, court relied on post-trial affidavit to find proper referral of charges to court-martial).

[5] Although neither required by law nor regulation, where the GCMCA permits a non-mandatory capital offense to be referred to a special court-martial, such approval could be expressly stated on the charge sheet, DD Form 458, Section V.

ACM S32291