UNITED STATES, Appellee

v.

Michael IGNACIO, Cryptologic Technician (Interpretive)
First Class (E-6), U.S. Navy,
Appellant

No. 12-0202

Crim. App. No. 201100062

United States Court of Appeals for the Armed Forces

Argued April 23, 2012

Decided May 10, 2012

PER CURIAM

Counsel

For Appellant:  Captain Michael D. Berry, USMC (argued).

For Appellee:  Lieutenant Benjamin J. Voce-Gardner, USN
(argued); Colonel Kurt J. Brubaker, USMC, and Brian K. Keller,
Esq. (on brief).

Military Judge:  Donald C. King

**This opinion is subject to revision before final publication.**

United States v. Ignacio, No. 12-0202/NA

PER CURIAM:

Court members sitting as a general court-martial convicted Cryptologic Technician First Class Michael Ignacio of abusive sexual contact in violation of Article 120(h), Uniform Code of Military Justice, 10 U.S.C. § 920(h).  The convening authority approved the adjudged sentence of a bad-conduct discharge, three years of confinement, forfeiture of all pay and allowances, and reduction to E-1.  The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence.  United States v. Ignacio, No. NMCCA 20110062, slip op. at 2 (N-M. Ct. Crim. App. Nov. 8, 2011).

When discussing the proposed instructions on evidence of consent, the military judge explained on the record why he would instruct the panel pursuant to the Military Judges' Benchbook[1] rather than the statutory language.  See United States v. Prather, 69 M.J. 338 (C.A.A.F. 2011); United States v. Medina, 69 M.J. 462, 465 (C.A.A.F. 2011).  The military judge's instructions included the statement that "[e]vidence of consent is relevant to whether the prosecution has proven the elements of the offense beyond a reasonable doubt" and that "[t]he prosecution has the burden to prove beyond a reasonable doubt that consent did not exist."  We granted review of this case to

---

[1] Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook (2010).

determine if the military judge erred in so instructing the panel.

"Whether a panel was properly instructed is a question of law reviewed de novo."  United States v. Ober, 66 M.J. 393, 405 (C.A.A.F. 2008).  "If [evidence of consent] is presented, the judge must ensure that the factfinder is instructed to consider all of the evidence, including the evidence raised by the defendant that is pertinent to the affirmative defense, when determining whether the prosecution established guilt beyond a reasonable doubt."  United States v. Neal, 68 M.J. 289, 304 (C.A.A.F. 2010).  Here the instructions correctly conveyed the Government's burden to the members.  The decision of the United States Navy-Marine Corps Court of Criminal Appeals is therefore affirmed.