# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Specialist ROBERT R. TELLES**
**United States Army, Appellant**

ARMY 20100190

Headquarters, Fort Carson
Mark Bridges, Military Judge
Colonel Randy T. Kirkvold, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Kristin B. McGrory, JA (on brief).

For Appellee:  Major Amber J. William, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

23 May 2012

----------------------------
SUMMARY DISPOSITION
----------------------------

Per Curiam:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of abusive sexual contact in violation of Article 120(h), Uniform Code of Military Justice, 10 U.S.C. § 920(h) (2006 & Supp. III 2009) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The case is now before this court for review under Article 66, UCMJ.  We have considered the record of trial and the assignments of error raised by appellant, both through counsel and pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find them to be without merit, but pause here to address the issue of waiver in this case.

## BACKGROUND

This case stems from an evening of excessive alcohol consumption and certain physical contact between Specialist (SPC) KJ and appellant, the exact nature of which was in dispute at trial. Specification 1 of the Charge was that appellant committed aggravated sexual assault in violation of Article 120(c)(2), UCMJ, by "penetration of the genital opening of SPC [KJ] who was substantially incapacitated." Specification 2 of the Charge was that appellant committed abusive sexual contact in violation of Article 120(h), UCMJ, by "touching the groin and breasts of SPC [KJ], who was substantially incapacitated."

The military judge instructed the members on the elements of the charged offenses, their lesser included offenses, and the affirmative defense of mistake of fact as to consent. The military judge did not specifically instruct the members on the affirmative defense of consent. Of Specification 1 of the Charge, the members found appellant not guilty of aggravated sexual assault, but guilty of the lesser-included offense of abusive sexual contact. Of Specification 2 of the Charge, the members also found appellant guilty of abusive sexual contact.

## LAW AND DISCUSSION

Affirmative defenses can be affirmatively waived. *United States v. Gutierrez*, 64 M.J. 374, 376 (C.A.A.F. 2007). "An affirmative waiver is not the same as a passive failure to request an instruction or object to its omission." *United States v. Strachan*, 35 M.J. 362, 364 (C.M.A. 1992); *United States v. Smith*, 50 M.J. 451, 456 (C.A.A.F 1999). There are no magic words to establish affirmative waiver. *Gutierrez*, 64 M.J. at 376–77 (citing *Smith*, 50 M.J. at 456). Rather, we must look to the record to see if there was a "purposeful decision" at play. *Id*. at 377.

In this case the military judge discussed the proposed instructions on findings with both government and defense counsel on the record, making reference to an earlier Rules for Courts-Martial [hereinafter R.C.M.] 802 session on the subject. There is no evidence of defense objection or requests for additional instructions during the R.C.M. 802 session. On the record, the government voiced objection to the military judge's inclusion of the affirmative defense of mistake of fact as to consent, contending that there was no evidence that SPC KJ consented to any of the charged misconduct. Immediately following this proffer the military judge explained that he was not going to provide "a consent as a defense instruction" but that he would provide a mistake of fact as to consent instruction for both charged offenses. Defense counsel offered nothing in rebuttal to this colloquy, nor did they argue or even attempt to argue that consent as a defense should be forwarded to the members. On the same page in the record of trial where the military judge announced his intention not to instruct on consent, he asked the following question:

"Defense, do you have any objections to the instructions or requests for additional instructions?" The defense counsel replied, "[W]e do not, Your Honor."[*]

Appellant now claims that it was error for the military judge not to instruct the members on the affirmative defense of consent. We find under the unique facts of this case that defense counsel waived this issue at trial, and as such there is no error to correct. *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009). The exchange on the record in this case went beyond mere failure to request or object to the affirmative defense of consent, but rather was a knowing and intentional relinquishment of the opportunity to explore that avenue on behalf of their client. Furthermore, considering all the evidence in this case, we are confident that the instructions taken as a whole correctly conveyed concepts relevant to the matters of consent, and also correctly conveyed the government's burden to the members in this case. *See United States v. Ignacio*, 71 M.J. 125 (C.A.A.F. 2012) (per curiam); *United States v. Neal*, 68 M.J. 289 (C.A.A.F. 2010). Given the evidence presented in this case, the instructions ultimately given were sufficient to ensure a fair trial and sufficient to convince us that the conviction is reliable. The appellant has in no way been prejudiced by them.

## CONCLUSION

On consideration of the entire record, the assigned errors, and the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), we hold the findings of guilty and sentence adjudged and as approved by the convening authority to be correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] We note that our superior court's opinion in *United States v. Neal*, 68 M.J. 289 (C.A.A.F. 2010) was decided over six weeks before the case before us was actually tried.

3